No. 16,785.

IVANHOE GRAND LODGE A.F. & A.M. OF COLORADO ET AL. *v.* MOST WORSHIPFUL GRAND LODGE OF ANCIENT FREE AND ACCEPTED MASONS OF COLORADO.

(251 P. [2d] 1085)

Decided December 1, 1952. Rehearing denied January 5, 1953.

516

Mr. SAMUEL D. MENIN, Mr. FRANK H. CONRY, for plaintiffs in error.

Mr. CLARENCE L. BARTHOLIC, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

MOST Worshipful Grand Lodge of Ancient Free and Accepted Masons of Colorado brought an action against Ivanhoe Grand Lodge A. F. & A. M. of Colorado, together with certain individual members thereof, and George J. Baker, Secretary of the State of Colorado, to secure an injunction restraining defendants from "doing any business or operating in the State of Colorado; using any emblems, insignias or badges similar to or the same as those used by the plaintiff herein;" and also to require defendants to surrender their Certificate of Authority (Certificate of Incorporation) to the Secretary of State to be by him cancelled and held for naught, and the Articles of Incorporation be expunged from the records.

Upon trial to the court it was decreed that defendants be "perpetually and permanently enjoined from operating a Masonic Lodge or using in any manner the name, Ivanhoe Grand Lodge A. F. & A. M., or any similar name, or in any manner using the word Mason, Free Mason, Free and Accepted Mason, Masonic and/or other significant words calculated to describe a Masonic Lodge;" and that the

Certificate of Incorporation issued said Ivanhoe Grand Lodge was null and void and of no force and effect. Defendants bring the cause here by writ of error seeking a reversal of the decree.

At the outset we are confronted with the question of plaintiff's right to maintain this action. The only allegation in the complaint with reference to plaintiff's right to maintain the action is: "That it is a legally established Masonic Lodge in the State of Colorado and has been operating since time immemorial under the name and style of Most Worshipful Grand Lodge of Ancient Free and Accepted Masons of Colorado." It is neither designated as a corporation nor association authorized by statute to maintain an action. The second defense set out in the amended answer reads: "That the plaintiff has no legal existence, and is therefore a non-entity and cannot bring this action."

The right of plaintiff to maintain the action was presented to the trial court before any evidence whatever was taken, and in connection therewith the court stated: "The right of this plaintiff by and under its own name to maintain this suit will be resolved in favor of the plaintiff at this time. And the court so holds and determines with a qualification which I will mention in a moment. The court will for present purposes take judicial notice of the circumstances of this plaintiff, the existence and the activities and general known characteristics, and qualifications of the plaintiff are well known to everybody who has lived as long as I have. With this qualification—that on final submission and argument the defendant will have leave to renew, as it may at any time, its point that the plaintiff in its name and its present designation in this action, doesn't have the right to maintain a suit and ask for the injunction. * * * "

The right of plaintiff to maintain this action having been challenged, the burden of proof was upon it to establish its position. It made no attempt whatever

to establish any legal right to maintain its action; there is neither allegation nor proof that it was a corporation or an unincorporated association authorized by statute to maintain any actions in the courts in this jurisdiction. If plaintiff imports a voluntarily unincorporated association, then, as we have said, neither the pleadings nor the evidence disclose it to be authorized as a natural or artificial entity entitled by either statute or common law to seek redress in our courts. It is neither alleged nor proved that it has the capacity to maintain this action. Under these circumstances, the trial court was without jurisdiction to proceed and should have dismissed the proceeding. *Moffat Tunnel League v. United States,* 59 F. (2d) 760; affirmed 289 U.S. 113, 53 Sup. Ct. 543; 77 L. Ed. 1069; 4 Am. Jur., p. 485, §46; 7 C.J.S., p. 82, §35.

The judgment is reversed and the cause remanded with instructions to dismiss the case.

### On Petition for Rehearing:

■ On petition for rehearing counsel for the first time seeks to rely on rule 17C (b), R.C.P. Colo., which provides, inter alia, that "A partnership or other unincorporated association may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right." Actions may be brought only by legal entities and against legal entities. There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced. *Myrtle Lodge No. 1663 v. Quattlebaum,* 207 Ga. 575, 63 S.E. (2d) 365.

■ A rule such as our rule 17, supra, must be held either to create an artificial entity of a partnership or unincorporated association or to permit existing entities to bring suit in an artificial name. If rule 17, supra, is held to be one creating a legal entity capable of suing or being sued, it is performing a legislative, rather than a judicial, function, and the rule would, therefore, be beyond the power of the court. If it is considered as

merely permitting an existing entity to sue under a common or artificial name, then, upon challenge by defendant, the plaintiff must disclose the identity of the parties so doing, which was not done here, and if defendant seeks affirmative relief in excess of the property or rights owned, held, possessed or exercised by the partnership or unincorporated association itself, then the ascertained legal entities must be properly served with process and be made parties to the action.

Our decision here is correct for another and equally cogent reason, i. e., neither in the title, pleadings, nor evidence is there to be found the words "partnership" or "unincorporated association."

The petition for rehearing is denied.