## No. 79SA552

**Samuel Barker v. The District Court in and for the County of Larimer, State of Colorado, and the Honorable William F. Dressel, One of the Judges thereof.**

(609 P.2d 628)

Decided April 14, 1980.

G. William Beardslee, for petitioner.

Stuart A. VanMevern, District Attorney, Larry R. Abrahamson, Chief Deputy District Attorney, for respondents.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

In this original proceeding, a rule was issued to the respondent district court to show cause why relief prohibiting further proceedings in a statutory nuisance abatement case should not be granted. We now make the rule absolute.

On August 13, 1979, the district attorney of Larimer County filed a complaint in the district court to abate a class 1 public nuisance pursuant to section 16-13-301, *et seq.,* C.R.S. 1973 (now in 1978 Repl. Vol. 8), on the ground that the building involved was being used as a "public or private place of prostitution." Section 16-13-303(1)(a), C.R.S. 1973.

The caption of the complaint filed, and the summons issued pursuant to the complaint, was styled as follows: "THE PEOPLE OF THE STATE OF COLORADO, Plaintiff, vs. A BUILDING LOCATED AT 426 Link Lane, Fort Collins, Colorado, commonly known as Sun Country Massage Parlor, in Larimer County, Colorado; its fixtures, its contents, its owner, and its operator, Defendant."

Neither the complaint nor the summons named the owner of the building, nor the operator of the business designated as Sun Country Massage Parlor.

Filed with the complaint were a supporting affidavit and a motion for a temporary restraining order pursuant to section 16-13-308, C.R.S. 1973. The respondent court issued an ex parte temporary restraining order pursuant to the motion.

Service of the summons and complaint was attempted by the sheriff by posting copies of the complaint, affidavit, motion for temporary restraining order and temporary restraining order on the front door of the massage parlor building.

The record shows that on August 20, 1979, a further summons was issued, styled under the names: "THE PEOPLE OF THE STATE OF COLORADO, Plaintiff, vs. SAMUEL BARKER, Defendant." This summons, together with the described complaint, affidavit, motion, and temporary restraining order, were personally served on Barker. The record shows that Barker is the operator of the premises alleged to be the class 1

nuisance and that Sun Country, Inc., a Colorado corporation, is the lessee of said premises.

A motion to dismiss was thereafter filed by Barker and Sun Country, Inc.,[1] on various grounds involving non-compliance with the Colorado Rules of Civil Procedure, among which were insufficiency of process, lack of jurisdiction over the person, and lack of jurisdiction over the subject matter.

Another summons was issued, dated *August 9, 1979,* styled under the names: "THE PEOPLE OF THE STATE OF COLORADO, Plaintiff, vs. JANICE MALONEY, 1828 Bush Court, Fort Collins, Colorado, Defendant." The record shows that Janice Maloney is the owner of the subject premises and the lessor thereof to Sun Country, Inc.[2] This summons, together with the described complaint, affidavit, motion, and temporary restraining order, were personally served on Janice Maloney.

Barker's motion for dismissal was denied by the respondent court. Barker then sought relief in this court pursuant to C.A.R. 21. A rule to show cause issued to the respondent district court. However, the rule was discharged on motion of the respondent upon a showing that the ex parte temporary restraining order had been vacated for failure to provide a hearing, as requested by Barker, within ten days as provided by section 16-13-308(1), C.R.S. 1973.

The course of proceedings in the district court then occurred as follows. The district attorney filed a motion for a second ex parte temporary restraining order to abate and prevent the continuance and reoccurrence of the alleged nuisance. The respondent court refused to issue the temporary restraining order ex parte and the matter was set down for hearing.

Although not named as a defendant in the action, Barker filed an answer to the complaint, in which he asserted the affirmative defenses relating to want of jurisdiction as raised in his original motion to dismiss.

An evidentiary hearing was held, after which the court entered an order described as a preliminary injunction, although the motion prayed for a temporary restraining order. The order directed the sheriff to seize and close the building, prevent the removal of all personal property and fixtures located therein, and declared the building, property and fixtures to be in the custody of the court, until further order.

Petitioner, Samuel Barker, then filed a second petition for relief pursuant to C.A.R. 21, in which he asserts procedural errors based on non-compliance with the rules of civil procedure, jurisdictional grounds for dismissal, and an abuse of discretion by the court in issuing a temporary restraining order (preliminary injunction). We find it necessary to

---

[1] Sun Country, Inc. is not a party to the proceedings in this court.
[2] Janice Maloney is not a party to the proceedings here.

consider only the matters relating to jurisdiction.

■ It is a fundamental common law concept, without need of citation, that for litigation there must be a controversy and for a controversy there must be adverse parties, that is, a person seeking to establish a right and a person against whom the right is asserted or a duty or liability may be imposed. It is, therefore, indispensable, with limited statutory exceptions,[3] that a complaint name a party plaintiff and a party defendant in order to present to a court subject matter that may be litigated.

■ Our rules of civil procedure have embodied this concept. C.R.C.P. 10(a) expressly provides that in the complaint the title of the action shall include the names of the parties. If the names of the parties are unknown, the unknown parties shall be designated as such. Likewise, C.R.C.P. 4(c) mandates inclusion of the names or designation of the parties in the summons.

Moreover, as noted by this court in *Ivanhoe Lodge v. Grand Lodge,* 126 Colo. 515, 251 P.2d 1085 (1952),

". . . Actions may be brought only by legal entities and against legal entities. There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced." (Citation omitted.)

*See also Hidden Lake v. Dist. Ct.,* 183 Colo. 168, 515 P.2d 632 (1973).

■ Although the district attorney was aware of the name of the owner of the building sought to be declared a nuisance, the lessee occupant of the building, and the operator of the massage parlor, he did not name any of those persons as a party defendant in the complaint or the summons.[4] The designations, "owner" and "operator" in the caption of the case, without naming them, when those persons were known to the district attorney, are not in compliance with the requirements of the Colorado Rules of Civil Procedure that a party defendant shall be named unless his name is unknown. C.R.C.P. 10(a). Of course, naming a "building" — not a legal entity — as a defendant is a nullity under the rule of *Ivanhoe Lodge, supra.*

■ While it is true that a statutory action to abate a nuisance under section 16-13-301 *et seq.,* C.R.S. 1973, is a special statutory proceeding, subsection 3 of section 16-13-307, C.R.S. 1973, provides: "Except as otherwise provided in this part 3, the practice and procedure in an action

---

[3] These exceptions are primarily found in the federal statutes. Among the statutes providing for pure in rem actions are: 15 U.S.C. § 68c (condemnation of mislabeled wool products); 15 U.S.C. § 1265 (seizure of hazardous substances); 19 U.S.C. § 1594 (libel of vessels and vehicles in violation of custom-revenue laws); 21 U.S.C. § 881 (forfeiture of property under drug abuse prevention laws); and 49 U.S.C. § 782 (seizure and forfeiture of contraband articles).
We have been unable to find any similar statutory exceptions in the Colorado statutes.
[4] The district attorney, although aware of this problem, at no time sought to amend the complaint and summons to show the name or names of the party or parties defendant.

to abate a public nuisance shall be governed by the Colorado rules of civil procedure." It is admitted that there is no provision in part 3 of the statute that designates required parties to an abatement action. We, therefore, are governed by the rules of civil procedure. *See People v. Cory,* 183 Colo. 1, 514 P.2d 310 (1973).

The district attorney, however, argues that the statutory abatement action is one "in rem" and thus naming a building as a party defendant is proper. We do not agree. The rules of civil procedure make no exception to the requirement that defendants be named if their names are known, or be designated as unknown when such is the case, in "in rem" actions as distinguished from "in personam" actions. Our view is further supported by C.R.C.P. 4, which contemplates that service shall be had upon parties in "in rem" actions, as well as "in personam" actions, and specifies how service may be accomplished in the state of Colorado, as well as outside of Colorado: either by personal service, by mailing, or by publication.

The district attorney contends *Gaskins v. People,* 84 Colo. 582, 272 P. 662 (1928), supports his position that an abatement proceeding is an in rem action and that interested parties need not be named as defendants. We do not agree. In that action, Gaskins, who was an owner of the property which was the subject of the abatement proceeding, was named as a party defendant, together with other interested persons. This court held that since there was no personal service on Gaskins, as an owner she was relieved personally from the provisions of the decree but that the property was bound thereby. In the present case, there is no legal entity named as a party defendant. Absent a controversy between legal entities, there is no subject matter to be litigated and the court is without jurisdiction to proceed. The action therefore should have been dismissed.

The rule is made absolute.