**Decided May 23, 1988**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

MARY LEE P. AQUINO, THOMASA P.      )      CIVIL ACTION NO. 88-128
COLEMAN, FANCYN P. SCRUGGS, and     )
TEODORA P. CAMACHO,                 )
                                    )
            Plaintiffs,             )
                                    )
        vs.                         )           ORDER
                                    )
ALL THOSE PERSONS HAVING ANY CLAIM  )
OR INTEREST IN LOT NO. 069 D 05,    )
SAIPAN, COMMONWEALTH OF THE         )
NORTHERN MARIANA ISLANDS,           )
                                    )
            Defendants.             )
_____)

The plaintiffs filed a complaint to quiet title on February 22, 1988. The caption names the defendants as: "All those persons having any claim or interest in Lot No. 069 D 05, Saipan, Commonwealth of the Northern Mariana Islands."

There has now been submitted to the court a motion for an order to service the "defendants" by publication and posting. The authority cited for the motion is 7 CMC §§ 1301 et seq.

Section 1301 states:

§ 1301.   Order to Appear or Plead.
In any action in the Commonwealth Trial Court for annulment, divorce or adoption or to enforce or remove any lien upon or claim to real or personal property within the Commonwealth, or to adjudicate title to any interest in such property, where any defendant cannot be served within the Commonwealth, or does not voluntarily appear, the Court may order the absent defendant to appear or plead by a certain day.

**416**

This court has seen several of these types of complaints and orders in the past and with considerable reservations, have signed them. The court now determines that this was in error as the court had no jurisdiction to issue such an order or any judgment based thereon.

In every suit there must be a real defendant. 59 AmJur2d, Parties, § 42.

A defendant to proceed against is essential in all civil proceedings except where the action is strictly in rem. Droppelman v. Illinois Surety, Co., 164 P. 70 (1917); 59 AmJur2d, Parties, § 41.

It is a fundamental common law concept, without need for citation, that for litigation there must be a controversy and for a controversy there must be adverse parties, that is, a person seeking to establish a right and a person against whom the right is asserted and upon whom a duty or liability may be imposed. It is, therefore, indispensable, with limited statutory exceptions, that a complaint name a party plaintiff and a party defendant in order to present to a court subject matter which may be litigated. Barker v. Dist. Court, 609 P.2d 628, 630 (Colo. 1980).

There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced. id., citing Ivanhoe Lodge v. Grand Lodge, 251 P.2d 1085 (1952).

Findings of fact cannot be made binding on a stranger to the action by calling an action a proceeding "in rem." <u>Rediker v. Rediker</u> 221 P.2d 1 (Cal. 1950).

In a suit or proceeding in personam of an adversary character, the court can acquire no jurisdiction for the purpose of trial or judgment until a party defendant is brought before it who actually or legally exists and is legally capable of being sued. 59 AmJur2d, <u>Parties</u>, § 41.

A civil action can be maintained only against a legal person, that is, a natural person or an artificial or quasi-artificial person. A nonentity is incapable of suing or being sued. <u>Oliver s. Swiss Club Tell</u>, 35 Cal.Rptr. 324 (D.C.App. First Dist. 1963).

If a suit is brought against a nonexistent entity, the proceeding is void ab initio. <u>id</u>. When defendant is a nonexistent entity the defect is jurisdictional. <u>id</u>.

Section 1301 does not provide any statutory exception to the above rules. Indeed, that section is specific and requires a "defendant." Suing "All those persons having any claim" in the property does not name any ascertainable party.

The purpose of a quiet title action is to determine whether a claim of title to or an interest in property, adverse to that of the claimant, is invalid.

The typical quiet title suit is one which asks the court to remove a cloud upon the title to the land because of some recorded document which purports to give another person an

**418**

interest in the land. Another instance is when a person is in possession as a claimant or tenant. In all cases there is an identifiable defendant/claimant. Mere apprehension of an owner that an adverse claim will be asserted by unknown persons is insufficient to confer equity jurisdiction on a court to entertain a quiet title action. There must be actual injury before the court attains jurisdiction.

Plaintiff's complaint, paragraph 3, properly sets forth an allegation of fee simple ownership which satisfies one prong of the requirements of a quiet title action. Humble Oil & Refining Co. v. Sun Oil Co., (CA5) 191 F.2d 705; 65 AmJur2d, Quieting Title, § 36. However, paragraph 4 names no identifiable adverse claimants nor does it allege with any specificity the type of claim asserted. Proper party defendants in quiet title action are those persons (or legal entities) claiming interests in the property. Title & Document Restoration Co. v. Kerrigan, 88 P. 356 (Cal).

The only recorded case found by the court which could possibly give a basis for the type of suit brought by the plaintiffs is Parker v. Ross, 217 P.2d 373 (Utah, 1950). In that case, the suit to quiet title was brought against a named defendant and "all other persons unknown." This procedure was specifically provided for by a Utah statute. However, suit had to be predicated upon first naming persons as defendants who appear of record to have an interest in the land. Additionally, the statute provided for service of summons upon

**419**

the unknown defendants by publication.  The Utah court held that since the plaintiff (who had acquired title at a real property tax sale) had alleged a named individual (who was deceased at the time the suit was brought), the additional "unknown persons" necessarily included the unknown heirs of the decedent and that though the judgment quieting title was ineffective as against the deceased by reason of her death prior to the commencement of the quiet title action, the service of publication was effective against her unknown heirs and all other unknown defendants, since copies of the complaint and summons were sent to the deceased's last known address.

From the above, it is easily seen that <u>Parker</u> can provide no support for the pending suit.

If judgment is entered in this case after the publication and posting has been completed, the judgment can include no one but "All those persons having any claim or interest" in the property.  The purpose of the quiet title suit is obviously not accomplished.  It goes without any discussion that the doctrine of res judicata, collateral estoppel or issue preclusion cannot be applied to a subsequent claimant to the property.

For the above reasons, it is concluded that this court has no jurisdiction in this matter and this case is dismissed.

Dated at Saipan, MP, this <u>23rd</u> day of May, 1988.

Robert A. Hefner, Chief Judge