Lewis H. JENKINS, Plaintiff–Appellant,

v.

The ESTATE OF Nicholas A. THOMAS, Defendant–Appellee.

No. 89CA1214.

Colorado Court of Appeals, Div. IV.

Oct. 11, 1990.

Calvert & Bryant, Randall M. Calvert, Englewood, for plaintiff-appellant.

Hall & Evans, Eugene O. Daniels and Malcolm S. Mead, Denver, for defendant-appellee.

Opinion by Judge METZGER.

Plaintiff, Lewis H. Jenkins, appeals the trial court judgment dismissing this action with prejudice based on his failure to comply with C.R.C.P. 25(a)(1). We affirm in part, reverse in part, and remand the cause with instructions.

Decedent, Nicholas A. Thomas, died January 20, 1984, and his estate was closed September 13, 1984; the personal representative was discharged October 15, 1984. Plaintiff, on June 30, 1986, filed his complaint, alleging negligence against the decedent based upon an automobile accident which had occurred between plaintiff and decedent on March 18, 1983.

Plaintiff served the former personal representative of decedent's estate in November 1987 without having taken any steps to seek the reopening of the estate. *See* § 15–12–1008, C.R.S. (1987 Repl.Vol. 6B). Thereafter, plaintiff attempted to substitute decedent's estate as party defendant pursuant to C.R.C.P. 25. The trial court dismissed the action with prejudice, concluding that plaintiff had failed to comply with C.R.C.P. 25(a)(1) because he had not

substituted a party defendant within 90 days after the suggestion of decedent's death had been made part of the record.

■ Plaintiff contends that the trial court erred in determining that he failed to follow the requirements of C.R.C.P. 25(a)(1). In our view, this argument is misplaced because we conclude that C.R.C.P. 25 is not applicable to the facts here.

C.R.C.P. 25(a)(1), upon which both parties and the trial court relied, provides:

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process, and may be served in any county. Suggestion of death upon the record is made by service of a statement of the fact of death as provided herein for the service of the motion and by filing of proof thereof. If the motion for substitution is not made within ninety days after such service, the action shall be dismissed as to the deceased party."

There are no Colorado cases which deal with the issue whether C.R.C.P. 25 applies to an action brought against a dead person. *See* R. Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* § 25.2 (2d ed. 1985). However, those cases interpreting Fed.R.Civ.P. 25(a)(1) (which is identical in pertinent part to C.R.C.P. 25) have held uniformly that the party substitution mechanisms of that rule apply only if a true party to a pending action dies during its pendency and that these mechanisms are not available if the party named in the suit had died before the action was commenced. *See Mizukami v. Buras,* 419 F.2d 1319 (5th Cir.1969); *Banakus v. United Aircraft Corp.,* 290 F.Supp. 259 (S.D.N.Y.1968); *Moul v. Pace,* 261 F.Supp. 616 (D.Md.1966); *Chorney v. Callahan,* 135 F.Supp. 35 (D.Mass.1955); 3B *Moore's Federal Practice* 25.02 (2d ed.1987); 7C C. Wright & A.

Miller, *Federal Practice & Procedure* § 1951 (1986).

Since the evidence is undisputed that decedent had died before this action was instituted, we hold that C.R.C.P. 25(a)(1) is not applicable here.

■ The question remains, however, whether plaintiff's motion to substitute decedent's estate as a party defendant was properly denied. We conclude that it was.

For litigation there must be a controversy and for a controversy there must be adverse parties. Thus, generally, it is indispensable that there be a named plaintiff and a named defendant in order for a trial court to have subject matter jurisdiction.

■ As our supreme court noted in *People in Interest of R.D.S.,* 183 Colo. 89, 514 P.2d 772 (1973): "A party is more than one named on a petition or complaint. To be a true party, that person must be competent to sue, have the right to control the proceedings, to defend, to adduce and cross-examine witnesses, and to appeal in his own right." Thus, actions may be brought only by legal entities and against legal entities. There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced. *Barker v. District Court,* 199 Colo. 416, 609 P.2d 628 (1980).

Here, it is undisputed that no action had been filed before decedent's death. Because decedent, the alleged tortfeasor, was dead at the time the action was filed, and because the personal representative had been discharged, there was no legal entity named as a party defendant. Accordingly, since there was no controversy between legal entities, there was no subject matter to be litigated, and the court was without jurisdiction to proceed. *See Ivanhoe Grand Lodge v. Most Worshipful Grand Lodge,* 126 Colo. 515, 251 P.2d 1085 (1952). Thus, the trial court properly dismissed the action. *See Cole v. Hotz,* 758 P.2d 679 (Colo.App.1987).

■ However, we agree with plaintiff that the trial court erred in dismissing the action with prejudice. The trial court based its decision on C.R.C.P. 25, which

requires dismissal with prejudice. Since we have concluded that dismissal was proper because of the absence of a proper party, there was no adjudication on the merits. *See Summerhouse Condominium Ass'n v. Majestic Savings & Loan Ass'n*, 660 P.2d 16 (Colo.App.1982). Consequently, the action should have been dismissed without prejudice. *See* C.R.C.P. 41.

The portion of the judgment dismissing the action is affirmed. The portion of the judgment dismissing the action with prejudice is reversed, and the cause is remanded with instructions to amend the judgment to reflect a dismissal without prejudice.

JONES and MARQUEZ, JJ., concur.