John DOE, Plaintiff–Appellant,

v.

Susan HEITLER, Defendant–Appellee.

No. 00CA0849.

Colorado Court of Appeals,
Div. I.

April 26, 2001.

Stafford & Stafford, L.L.C., John T. Stafford, Jr., Lakewood, CO, for Plaintiff–Appellant.

Ewing & Ewing, PC, Laurence B. James, Englewood, CO, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiff, John Doe, appeals the judgment entered on the trial court's orders dismissing his complaint against defendant, Susan Heitler, and denying his subsequent motion to amend the complaint. We affirm in part, reverse in part, and remand with directions.

Plaintiff brought an action for damages against defendant, a psychologist, alleging that she had breached her duty of confidentiality by referencing his cocaine abuse in a thank-you letter she sent to the physician who had referred plaintiff to her. Plaintiff filed the complaint as "John Doe," without first requesting the court's permission to proceed under a pseudonym.

Defendant moved to dismiss, arguing that plaintiff's failure either to use his real name or to obtain court approval for his use of a pseudonym violated C.R.C.P. 10(a) and deprived the court of subject matter jurisdiction. Plaintiff responded by requesting leave to proceed under a pseudonym. He stated in his response that he would be willing to

disclose his identity to the court under seal, if required to do so, and concluded with a one-sentence alternative request that, "if the court determines that no 'significant privacy interest' exists, ... the entire file be sealed in an effort to protect Plaintiff from any further emotional and financial harm."

The trial court granted defendant's motion and dismissed the case. It subsequently denied plaintiff's motion for reconsideration or, in the alternative, for leave to amend the complaint to substitute his real name.

## I.

Plaintiff first contends that, because he would suffer additional injury if required to proceed in his real name, the trial court erred in granting the motion to dismiss. We disagree.

C.R.C.P. 10(a) provides, in relevant part, that: "In the complaint initiating a lawsuit, the title of the action shall include the names of all the parties to the action," unless those names are not known.

In *Barker v. District Court*, 199 Colo. 416, 419, 609 P.2d 628, 630 (1980), the supreme court observed that this rule embodies the "fundamental common law concept ... that for litigation there must be a controversy and for a controversy there must be adverse parties.... It is, therefore, indispensable ... that a complaint name a party plaintiff and a party defendant in order to present to a court subject matter that may be litigated." The court then held that, because the district attorney had designated only a building and not any specific individual or legal entity as a party defendant, the trial court should have dismissed the action for lack of subject matter jurisdiction.

Although *Barker* involved an unnamed defendant, federal courts applying Fed.R.Civ.P. 10(a)—which, like C.R.C.P. 10(a), requires that the title of the action in the complaint include the names of all the parties—have similarly concluded that failure to name a party plaintiff may deprive the court of jurisdiction. *See National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989)(district court lacked jurisdiction over unnamed plaintiffs who had not sought permission to proceed anonymously, "as a case had not been commenced with respect to them"); *see generally* 2 *Moore's Federal Practice* § 10.02[2] (3d ed.2000).

Notwithstanding the rule requiring that a plaintiff be named in the caption of the complaint, plaintiff argues that he should have been allowed to proceed as John Doe because disclosing his real name would cause further injury to the privacy interest he seeks to protect. In so arguing, plaintiff relies on federal cases that have allowed plaintiffs to sue under a fictitious name in certain limited circumstances where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name. *See, e.g., James v. Jacobson*, 6 F.3d 233 (4th Cir.1993); *Doe v. Frank*, 951 F.2d 320 (11th Cir.1992); *National Commodity & Barter Ass'n v. Gibbs, supra; Doe v. Stegall*, 653 F.2d 180 (5th Cir.1981).

Under these cases, a plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall, supra*, 653 F.2d at 186.

■ Among the factors relevant to a determination of whether this showing has been made are: Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties; whether the action is against a governmental or a private party; whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; and the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See James v. Jacobson, supra; Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y.1996).

■ Because it is the public, not the court, which has an interest in the disclosure of the parties' identities, a mere offer to disclose a party's real identity to the court *in camera*

does not suffice to allow that party to proceed under a pseudonym if he or she is not otherwise entitled to do so. *See Free Market Compensation v. Commodity Exchange, Inc.,* 98 F.R.D. 311, 313 (S.D.N.Y.1983)("The public's interest in an open judicial process is no more served by an *in camera* disclosure than by the use of the pseudonym itself.").

In balancing the interests, courts are to bear in mind that proceeding under a pseudonym is an unusual procedure and is reserved for exceptional cases. *Femedeer v. Haun,* 227 F.3d 1244 (10th Cir.2000); *Doe v. Frank, supra.* Thus, cases permitting plaintiffs to proceed under fictitious names have generally been limited to those involving matters such as abortion, homosexuality, illegitimacy, privacy rights of children, and the like. *See 2 Moore's Federal Practice, supra,* § 10.02[2][c][ii]; *see also, e.g., James v. Jacobson, supra* (spouses suing doctor who had fraudulently used his own sperm rather than husband's sperm to impregnate wife could proceed under pseudonym to protect their children's privacy interests); *Doe v. Stegall, supra* (approving pseudonym for child plaintiffs challenging prayer and Bible reading in Mississippi public schools, where record indicated they could expect extensive harassment and potentially violent reprisals); *Doe v. Blue Cross & Blue Shield,* 794 F.Supp. 72 (D.R.I.1992) (allowing use of pseudonym by transsexual suing insurer for medical expenses incurred in connection with sex change operation).

Conversely, the federal courts have generally denied leave to proceed under a pseudonym where the plaintiff simply claims that he or she will be embarrassed or humiliated, or will suffer economic loss, if required to sue in his or her own name. *See Doe v. Frank, supra* (employee suing for unlawful discrimination based on his alcoholism); *Coe v. United States District Court,* 676 F.2d 411 (10th Cir.1982)(doctor facing professional discipline based on allegations of immoral conduct); *Doe v. Shakur, supra* (victim of a sexual assault suing assailants); *Free Market Compensation v. Commodity Exchange, Inc., supra* (co-plaintiff claiming disclosure of his identity would cause him to suffer professional embarrassment and economic loss).

The decision whether to allow a plaintiff to proceed anonymously is committed in the first instance to the discretion of the trial court. *See James v. Jacobson, supra.* The trial court's brief order in this case does not indicate whether it considered any of the factors set forth above in deciding to deny plaintiff leave to bring the action as John Doe. Nevertheless, inasmuch as plaintiff did not seek an evidentiary hearing in the trial court and has not suggested on appeal that further factual development is necessary for resolution of any issues in this case, we conclude that a remand on the fictitious name issue is unnecessary and that the issue can be decided based on the record before us.

Applying the analysis set forth in the cases discussed above, we conclude that plaintiff was not entitled to proceed as John Doe.

The information plaintiff seeks to keep confidential is not the sort of "sensitive and highly personal" information that the courts have generally been willing to protect. *See James v. Jacobson, supra; see also Doe v. Indiana Black Expo, Inc.,* 923 F.Supp. 137 (S.D.Ind.1996) (plaintiff challenging employment discrimination would not be permitted to proceed under fictitious name despite his claim that, among other things, suing under his real name would reveal his history of substance abuse); *cf. Doe v. Smith,* 105 F.Supp.2d 40, 44 (E.D.N.Y.1999) (where patient suing her psychiatrist for assault, molestation, and sexual abuse agreed that defendant could also proceed under a pseudonym and presented "particularized and undisputed evidence that proceeding publicly would seriously threaten her mental health, requiring her to choose between dropping her action and placing her life in jeopardy," she had established exceptional circumstance warranting authorization to proceed anonymously).

Plaintiff argues that his case is unique because it involves a breach of the physician-patient privilege. However, he cites no authority for the proposition that such claims warrant an exception to the general test for

determining whether the case involves matter of a sensitive and highly personal nature. *James v. Jacobson, supra,* on which plaintiff relies, did not turn on the existence of a physician-patient relationship; rather, the appellate court was concerned about protecting the plaintiffs' children. Thus, even assuming a communication between a psychologist and the referring physician about the problem for which the patient was referred could somehow amount to a breach of the physician-patient privilege, that fact alone is not sufficient to permit plaintiff to proceed as John Doe.

Further, plaintiff is suing a private party, not the government, and is seeking damages for past disclosure rather than declaratory or injunctive relief to prevent the future disclosure of confidential information. These facts weigh against permitting him to proceed under a pseudonym. *See Femedeer v. Haun, supra* (noting that disclosure of appellee's status as a sex offender had already occurred in the underlying criminal case); *Doe v. Indiana Black Expo, Inc., supra* (fact that plaintiff was asserting damages claims against private parties, while not alone dispositive, took case outside category of cases generally allowing use of fictitious names); *Doe v. Shakur, supra* (sexual assault victim brought civil suit for damages to vindicate her own interests, not to vindicate public interest in bringing criminal defendants to justice); *Doe v. Hallock,* 119 F.R.D. 640 (S.D.Miss.1987) (plaintiff claiming sexual harassment alleged improper conduct by private individuals but did not seek to challenge the validity of any governmental activity). These facts also distinguish this case from *Roe v. Ingraham,* 364 F.Supp. 536, 541 n. 7 (S.D.N.Y.1973), relied on by plaintiff, in which fictitious names were permitted for patients challenging the constitutionality of statutes requiring disclosure of their identity, because, "if [they were] required to reveal their identity prior to the adjudication on the merits of their privacy claim, they [would] already have sustained the injury which by this litigation they seek to avoid."

We also reject plaintiff's argument that precluding him from proceeding anonymously will somehow subject him to criminal liability. While the lawsuit might reveal that plaintiff used cocaine at some time prior to January 1996, there is nothing in this case to suggest that, by bringing the lawsuit, plaintiff would be "compelled to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution." *See Doe v. Frank, supra,* 951 F.2d at 323; *Doe v. Shakur, supra,* 164 F.R.D. at 361.

A final factor to consider is the risk of unfairness to defendant from allowing plaintiff to proceed with a pseudonym. Plaintiff argues that defendant will not be prejudiced because she knows his real identity. However, that does not end the fairness inquiry. We agree with the observation of the court in *Doe v. Indiana Black Expo, Inc., supra,* 923 F.Supp. at 141–142, regarding fairness to the defendant in cases such as this:

> Most important for this court's analysis of plaintiff's request to proceed under a fictitious name is the nature of the specific claims he is making against the defendants. His claims directly accuse the defendants of several forms of serious and deliberate wrongdoing. He attacks the defendants' integrity and reputations. *Basic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly.* (Emphasis supplied.)

*Accord Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.,* (S.D.N.Y. No. 96 Civ. 1756, April 7, 1997), 1997 WL 171011 (1997 U.S. Dist. LEXIS 4517) (denying leave to proceed with pseudonym where plaintiff with AIDS brought serious charges relating directly to defendants' professionalism, and fairness required that he stand by those allegations).

Here, too, plaintiff's lawsuit attacks defendant's professional integrity. In our view, fairness requires that he bring his allegations in his own name.

In sum, the trial court did not err in denying plaintiff leave to proceed as John Doe and dismissing the complaint for failure to name a party plaintiff.

## II.

Plaintiff next contends that the trial court erred in failing to grant alternative relief by either having the file placed under seal or permitting him to amend the complaint. We agree in part.

### A.

■ Pursuant to C.R.C.P. 121 § 1–5, a trial court may limit access to court files upon motion of any party. However, an order limiting access is not to be granted except upon a finding that the harm to the privacy of a person in interest outweighs the public interest. *See In re Marriage of Purcell*, 879 P.2d 468 (Colo.App.1994).

■ A claim that a court file contains extremely personal, private, and confidential matters is generally insufficient to constitute a privacy interest warranting the sealing of the file. Likewise, prospective injury to reputation, an inherent risk in almost every civil lawsuit, is generally insufficient to overcome the strong presumption in favor of public access to court records. *Anderson v. Home Insurance Co.*, 924 P.2d 1123 (Colo.App. 1996).

■ We note initially that plaintiff's response to defendant's motion to dismiss did not clearly indicate that he intended to bring the action in his own name if the court would seal the file; rather, he stated only that he would be willing to disclose his identity to the court if required to do so, and asked to have the file sealed to protect him from further harm. To the extent plaintiff sought sealing of the file without at the same time agreeing to bring the action in his own name, such action would not have cured the jurisdictional defect in his complaint. *See Barker v. District Court, supra; see also Free Market Compensation v. Commodity Exchange, Inc., supra* (*in camera* disclosure insufficient to serve public's interest in an open judicial process).

Moreover, even assuming plaintiff intended to bring the action in his own name if the file were sealed, he did not make the showing necessary to warrant such relief. Plaintiff supported his request to seal the file with the statement that doing so would "protect [him]

from any further emotional and financial harm," and argued that his right to privacy outweighed the public interest. However, he also asserted that it was "in the interest of the public health, safety and welfare to control the practice of any physician such as [defendant]," and that the public interest outweighed her privacy interest.

We conclude that plaintiff's stated reasons for having the record sealed were insufficient to overcome the presumption in favor of access to court records. *See Anderson v. Home Insurance Co., supra.* Thus, the trial court properly declined his request to have the file placed under seal.

### B.

■ We do, however, agree with plaintiff that the trial court erred in refusing to allow him to amend his complaint.

In a motion to reconsider or for leave to amend, filed twelve days after the trial court ordered the case dismissed, plaintiff pointed out that the statute of limitations had "arguably" run while defendant's motion to dismiss was pending. The trial court declined to reconsider its order and denied leave to amend, finding that "the real client of Plaintiff's counsel was never a party to this action, has never commenced an action against [defendant], and as such, has no standing to amend the Complaint in this matter."

C.R.C.P. 15(a) states, in relevant part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty days after it is filed. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

■ For purposes of C.R.C.P. 15(a), a motion to dismiss does not constitute a responsive pleading. *Passe v. Mitchell*, 161 Colo. 501, 423 P.2d 17 (1967)(error to grant defendants' motion to dismiss without giving

plaintiff opportunity to file an amended complaint).

■ Further, a trial court should allow an amendment to a complaint even following its grant of a motion to dismiss. *See Renner v. Chilton*, 142 Colo. 454, 351 P.2d 277 (1960) (court erred in denying leave to amend after granting motion to dismiss; there are no exceptions to express language of Rule 15(a) allowing one amendment as a matter of right before a responsive pleading is filed); *Davis v. Paolino*, 21 P.3d 870 (Colo.App.2001); *but see Wilcox v. Reconditioned Office Systems, Inc.*, 881 P.2d 398 (Colo.App.1994) (if final judgment is entered, absolute right to amend is lost, and amendment should not be allowed unless judgment is set aside or vacated under C.R.C.P. 59 or 60).

■ Even where amendment of a complaint is no longer a matter of right, refusal to permit amendment may be an abuse of discretion if, as here, the plaintiff's claims would otherwise be barred by the applicable statute of limitations. *See Van Schaack v. Phipps*, 38 Colo.App. 140, 558 P.2d 581 (1976) (abuse of discretion to deny leave to amend to permit plaintiff to correct deficiencies in complaint, including substituting herself for the original plaintiff, where claims would otherwise be barred by statute of limitations); *cf. In re Estate of Blacher*, 857 P.2d 566 (Colo.App.1993) (no abuse of discretion to deny leave to amend after judgment of dismissal had entered where dismissal was without prejudice and did not preclude plaintiff from initiating a new action).

Defendant asserts that, notwithstanding these authorities, amendment was not appropriate here because C.R.C.P. 15(a) expressly permits only "a party" to amend, and the "real client of plaintiff's counsel" was never a party. Further, relying on *Barker v. District Court, supra*, she argues that, where there is no controversy between legal entities, there is no subject matter to be litigated, and the court is without jurisdiction to proceed. We do not agree.

Divisions of this court have rejected contentions that amendment should be denied where a complaint has been dismissed for lack of subject matter jurisdiction. In *Stuart*

*v. The Frederick R. Ross Investment Co.*, 773 P.2d 1107, 1110 (Colo.App.1989) (emphasis in original; citation omitted), the division stated:

> We reject defendants' contention that claims dismissed for lack of subject matter jurisdiction cannot be amended as a matter of law and as a matter of public policy. There are *no* exceptions to the rule permitting amendments where no responsive pleadings have been filed. Moreover, we have specifically held that a defect in allegations conferring subject matter jurisdiction can be cured by amendment.

*Accord Francisco v. Cascade Investment Co.*, 29 Colo.App. 516, 486 P.2d 447 (1971)(rejecting argument that complaint could not be amended to include allegation of notice since notice is a jurisdictional prerequisite). Further, in *Barker*, the supreme court specifically noted that the district attorney "at no time sought to amend the complaint and summons to show the name or names of the party or parties defendant." *Barker v. District Court, supra*, 199 Colo. at 419 n. 4, 609 P.2d at 630 n. 4.

Nor do we agree with defendant that leave to amend could be denied because plaintiff was never a party and thus lacked standing to amend. Although some federal courts have refused to allow amendment of a complaint to name a different plaintiff where the original plaintiff lacked standing, *see, e.g., Federal Recovery Services, Inc. v. United States*, 72 F.3d 447 (5th Cir.1995) (minority shareholder not allowed to amend where original corporate plaintiff lacked standing); *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889 (2d Cir.1983) (denying leave to substitute plan participants for pension fund as plaintiff in ERISA action), that rule has generally not been applied where the original named plaintiff was a pseudonym for the actual plaintiff. In the latter circumstance, the courts have permitted amendment. *See Doe v. Shakur, supra; Doe v. Hallock, supra; Doe v. Rostker*, 89 F.R.D. 158 (N.D.Cal. 1981); 2 *Moore's Federal Practice, supra*, § 10.02[2][c][iv] at 10–14 ("If the court does not find compelling reasons to permit a plaintiff to proceed under a pseudonym, then the

complaint is usually dismissed with leave to file a new complaint setting forth plaintiff's true identity"). Indeed, in *Doe v. Indiana Black Expo, Inc., supra,* 923 F.Supp. at 143, on which defendant relies, the court denied plaintiff's request to proceed under a fictitious name, dismissed the complaint, but expressly stated that the dismissal "must be without prejudice and with leave to amend."

The judgment is affirmed insofar as it dismissed plaintiff's complaint and denied his request to order the file sealed. The judgment is reversed insofar as it denied plaintiff's motion to amend his complaint, and the cause is remanded with directions to permit plaintiff to file an amended complaint, in his real name, within such time as the court in its discretion may allow.

METZGER and DAILEY, JJ., concur.