**Richard J. CUNY, Plaintiff–Appellant,**

**v.**

**VAIL ASSOCIATES, INC., a Colorado corporation; and certain persons and/or entities whose true names are unknown, Defendants–Appellees.**

**No. 93CA1869.**

Colorado Court of Appeals, Div. IV.

Feb. 23, 1995.

Rehearing Denied March 23, 1995.

Certiorari Denied Aug. 21, 1995.

Heckman & O'Connor, P.C., Terrence P. O'Connor, Brett S. Heckman, Vail, for plaintiff-appellant.

Gallo & Godfrey, Brett M. Godfrey, Robert P. Ingram, Denver, for defendants-appellees.

Opinion by Judge PLANK.

In this personal injury action, plaintiff, Richard J. Cuny, appeals the summary judgment entered in favor of defendant, Vail Associates, Inc. We affirm.

Plaintiff suffered injuries while riding on a bobsled furnished by defendant on one of the runs at its ski resort. Prior to riding the bobsled, plaintiff signed a release exculpating defendant from any injuries plaintiff suffered as a result of defendant's negligence. The release did not exculpate defendant's "gross negligence or willful misconduct."

Prior to filing an answer to plaintiff's complaint, defendant moved to dismiss for failure to state a claim, or in the alternative, for summary judgment, on the grounds that plaintiff's claims were barred by the release, the Colorado Ski Safety and Liability Act, § 33–44–101, et seq., C.R.S. (1984 Repl.Vol. 14) (Ski Safety Act), and the doctrine of assumption of risk. Before responding to defendant's motion, plaintiff filed a motion to amend his complaint. The trial court granted summary judgment in favor of defendant on all three grounds, and denied plaintiff's motion to amend his complaint. Plaintiff now appeals both of these rulings of the trial court.

I.

Plaintiff argues that the Ski Safety Act does not bar his claims against defendant. We disagree.

The Ski Safety Act was enacted to supplement the provisions of the Passenger Tramway Safety Act, § 25–5–701, et seq., C.R.S. (1989 Repl.Vol. 11A), to define the legal responsibilities of ski area operators, to define the responsibilities of skiers using ski areas, and to define the rights and liabilities existing between the skier and the ski area operator and between skiers. Section 33–44–102, C.R.S. (1984 Repl.Vol. 14). Whether that Act applies to a bobsled run operated as part of a ski resort is an issue of first impression in Colorado.

Under the Act, ski area is defined as "all ski slopes or trails and other places under the control of a ski area operator and administered as a single enterprise within this state." Section 33–44–103(6), C.R.S. (1984 Repl.Vol. 14). A skier is defined as:

[A]ny person using the ski area for the purpose of skiing; for the purpose of sliding downhill on snow or ice on skis, a toboggan, a sled, a tube, a ski-bob, a snowboard, or any other device; or for the purpose of using any of the facilities of the ski area, including but not limited to ski slopes and trails.

Section 33–44–103(8), C.R.S. (1994 Cum. Supp.).

In light of this statutory language, we conclude that the Ski Safety Act applies in this case: The bobsled run operated by defendant falls under the definition of "ski area" as a place under the control of a ski operator, and those riding the bobsled are considered "skiers" either because they are sliding downhill on snow or ice on a sled or because they are using a facility of the ski area.

The Ski Safety Act limits the liability of ski area operators and provides that "no skier may make a claim against or recover from any ski area operator for injury resulting from any of the inherent dangers and risks of skiing." Section 33–44–112, C.R.S. (1994 Cum.Supp.). Although "skiing" is not expressly defined by the Act, we construe the term to include any of the activities engaged in by a skier as defined by the Act. Accordingly, skiing includes bobsledding.

The inherent dangers and risks of skiing include:

those dangers or conditions which are an integral part of the sport of skiing, including ... collisions with ... natural objects; impact with man-made structures and their components; variations in the steepness or terrain, whether natural or as a result of slope design, snowmaking or grooming operations....

Section 33–44–103(10), C.R.S. (1994 Cum. Supp.)

Here, plaintiff alleged that he suffered injuries when, as a result of defendant's negligence, the bobsled he was riding crashed into a bump at the end of the track causing extraordinarily hard impacts. This is an inherent risk of bobsledding, and accordingly, plaintiff's claims are not actionable under the Ski Safety Act. Hence, summary judgment was properly granted on this basis.

Because of our conclusion in this part we need not address whether the release and the doctrine of assumption of risk also bar plaintiff's claims.

II.

Plaintiff also argues that the trial court erred in denying his motion to amend his complaint. We perceive no error requiring

reversal because in granting summary judgment in favor of defendant, the court in fact considered the allegations as made in the amended complaint.

### III.

Additionally, plaintiff argues that the Ski Safety Act violates the Equal Protection clause of the constitution. However, this issue is not properly before us because the record demonstrates that plaintiff neither complied with C.R.C.P. 57(j) in the trial court nor with C.A.R. 44(a) on appeal. Therefore, we decline to address it. *See Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo.1985).

Accordingly, the summary judgment and the trial court's order denying plaintiff's motion to amend his complaint are affirmed.

NEY and RULAND, JJ., concur.