**Mark V. LEIDAL, Plaintiff–Appellant,**

v.

**W. BRUNELL, Investigative Officer, G. Crowder, Hearing Board Officer, G. Strobridge, Hearing Board Officer, and G. Dunbar, Administrative Head, Defendants–Appellees.**

No. 98CA2391.

Colorado Court of Appeals,
Div. III.

July 22, 1999.

Mark V. Leidal, Pro se.

No Appearance for Defendants–Appellees.

Opinion by Judge MARQUEZ.

Plaintiff, Mark V. Leidal, appeals the trial court's judgment dismissing his complaint against defendants, W. Brunell, G. Crowder, G. Strobridge, and G. Dunbar, employees of the Colorado Department of Corrections (DOC). We vacate the judgment and remand with directions.

Initially we note that, although plaintiff's notice of appeal indicates that a copy was served on the Attorney General, there has been no appearance on behalf of the defendants in this appeal.

Plaintiff brought this action under C.R.C.P. 106(a)(4) seeking review of a prison disciplinary action. Plaintiff alleged that defendants had abused their discretion with regard to the investigation, prosecution, and review of that action.

Along with his complaint, plaintiff filed a motion to proceed without payment of costs under § 13–16–103, C.R.S.1998. That motion was granted by the court the following day.

Plaintiff then filed a motion requesting that the trial court order the court clerk to serve the summons and complaint on defendants. The court granted plaintiff's motion but ordered him to advance $150 to cover the costs of service.

Thereafter, plaintiff filed a motion seeking C.R.C.P. 54(b) certification of the court's order. The court noted that its order was not dispositive of any issue in the case. Nevertheless, because it found that plaintiff had essentially confessed that he was unable to prosecute the case as a result of its order requiring him to advance the cost of service, it dismissed the case. Plaintiff then brought this appeal.

Plaintiff contends that the trial court erred in refusing to order that service on defendants be accomplished at state expense. We conclude that additional proceedings are necessary.

Section 13–16–103, provides that a court may allow an indigent litigant to pursue a lawsuit without payment of costs. *See also* § 13–17.5–101, et seq., C.R.S.1998 (setting forth specific rules with regard to *in forma pauperis* inmate lawsuits). Specifically, § 13–16–103(1), C.R.S.1998, provides that:

If the judge or justice of any court, including the supreme court, is at any time satisfied that any person is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs . . . .

 This statute has been interpreted as permitting a court to waive any costs "chargeable by the court." *Almarez v. Carpenter*, 173 Colo. 284, 289, 477 P.2d 792, 794 (1970). In addition, § 13–16–103 has been construed to permit a trial court to waive the filing of a cost bond for an out-of-state, indigent plaintiff. *See Walcott v. District Court*, 924 P.2d 163 (Colo.1996). No decision, however, has addressed whether, as here, the court may waive the costs associated with the service of process.

In 1996, the General Assembly added § 13–16–124, C.R.S.1998, as part of a bill increasing the fees that sheriffs may charge for serving civil process. Section 13–16–124 provides that:

Except as provided for by section 13–16–103, in any civil action in which civil process is delivered to a county or city and county sheriff by the judicial department for service of process, the court in which the civil action is pending shall assess as costs against the party or parties requesting such service to be paid to the court the fees charged by the sheriff pursuant to section 30–1–104(1), C.R.S. No civil action may be dismissed until such costs have been paid to the court.

Subsequent to the enactment of § 13–16–124, Chief Justice Directive 98–01 (CJD 98–01) was issued. CJD 98–01 addresses the issue of costs for indigent persons in civil matters and sets forth the manner in which indigency is to be determined.

CJD 98–01 initially lists the costs that may *not* be waived as:

Any obligation for payment to a person or entity other than the State of Colorado,

which arises in the course of "prosecuting or defending" a civil action or special proceeding is not one which can be waived on the basis of a party's indigency. Waiver of costs is limited to those fees and expenses owed to the state and does not apply to fees and expenses owed to other persons or entities. Therefore, transcript fees, witness fees, and *process server fees cannot be waived by the court. As set forth in Section 13–16–124 5 C.R.S. (1997), if the party delivers the documents for service of process to the sheriff, the court cannot waive the sheriff's fee. The sheriff must make that determination.* (emphasis added)

CJD 98–01 then lists the costs that may be waived as follows:

If the court determines the person to be indigent, any costs owed to the state may be waived. Such costs would include filing fees, reasonable copy fees, jury fees, and research fees. *If the court delivers the documents for service of process to the sheriff, the court can waive the sheriff's fee and pay the sheriff's fees from mandated costs.* (emphasis added)

Therefore, as set forth in CJD 98–01, a court may waive process server fees if it, rather than the plaintiff, delivers the documents to the sheriff for service.

■ The trial court here specifically determined that plaintiff was indigent and that he could proceed without payment of costs as permitted by § 13–16–103. *See also* § 13–17.5–101, et seq. Plaintiff's request for an order requiring the court clerk to serve the summons and complaint on defendants did not specifically reference § 13–16–124 or CJD 98–01. However, plaintiff noted that he had sought, without success, to have outside parties serve defendants. In particular, he alleged that he had tried to obtain, but was denied, assistance to serve process by a legal services organization, the DOC law library, process servers, and the sheriff's office.

Therefore, because plaintiff allegedly was unable to serve process on his own, and he apparently was unable to pay for private process servers or to pay the amount or-

dered by the court, his ability to seek redress in the courts was severely restricted, if not entirely precluded. *See Walcott v. District Court, supra,* 924 P.2d at 167 (court noted that plaintiff's "failure to post a cost bond would result in dismissal and immediate termination of her civil action."); *Cook v. District Court,* 670 P.2d 758 (Colo.1983)(in the absence of bad faith or a plainly frivolous claim, § 13–16–103 requires that a court only consider whether a litigant is unable to pay the costs and expenses of a civil action before granting a motion to proceed in forma pauperis). However, in dismissing plaintiff's complaint, the trial court did not rule on these issues. Rather, the court merely noted that plaintiff had essentially conceded that he was unable to prosecute the case as a result of its order requiring him to advance the costs of service.

CJD 98–01 permits the court to authorize payment from mandated funds of costs of service of civil process and to waive reimbursement pursuant to § 13–16–124 on behalf of indigent persons. Hence, plaintiff's ability to seek redress should not be denied based on his inability to pay the costs of service. Additionally, we note that the court may be able to recoup the costs expended on plaintiff's behalf in the manner set forth in § 13–16–103 and § 13–17.5–101, et seq.

The judgment is vacated and the cause is remanded to the trial court with directions that it determine whether plaintiff's claim is plainly frivolous or filed in bad faith. If it is neither, then the court shall direct delivery of the documents for service of process to the sheriff and determine whether to waive reimbursement of any process fees expended from mandated funds or to direct recoupment pursuant to § 13–16–103 or § 13–17.5–101 et seq.

Judge CASEBOLT and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.