In re the **MARRIAGE OF** Ann E. **STEWART**, f/k/a Ann E. Weigle, **Appellee**,

and

Arthur D. Weigle, **Appellant**.

No. 01CA0558.

Colorado Court of Appeals, Div. I.

Jan. 31, 2002.

Houtchens, Daniel & Greenfield, LLC, Kim Robert Houtchens, Greeley, CO, for Appellee.

Law Office of John F. Davis, John F. Davis, Greeley, CO, for Appellant.

Opinion by Judge METZGER.

The sole issue in this post-dissolution proceeding is whether, under recent amendments to the statutes governing modification of parental responsibilities, the endangerment standard or the best interests standard applies to modifications of parental responsi-

bilities where the parents equally share joint legal and physical custody under the original decree. We conclude that the best interests standard applies. Accordingly, we vacate the district court's order denying the motion to modify the joint custody originally granted to Arthur D. Weigle (father) and Ann E. Stewart, formerly known as Ann E. Weigle (mother), and remand the case for further proceedings.

In the 1996 permanent orders, the parties were named as the joint legal and physical custodians of their three children, one of whom is now emancipated. Since that time, the two younger children, now ages fifteen and seventeen, have alternated between the parents' homes at three-week intervals. Father retained the marital residence, remarried, and now has four stepchildren. Mother also remarried.

In 2000, father filed a motion for modification of joint custody and allocation of "parental responsibilities," which was, by then, the new term for "custody." *See* § 14–10–103(4), C.R.S.2001 (effective February 1, 1999, "custody" became "parental responsibilities"). Father requested that he be named the primary residential parent and that mother be granted reasonable parenting time.

The magistrate described both parties as "good, if not excellent, parents." The magistrate found that the children wish to live with father, mostly because of environmental circumstances, such as their familiarity with the marital residence and their proximity to school, friends, and stepsiblings. The magistrate also found that the children want to be "in charge" of their parenting time with mother and that they dislike the move between homes every three weeks. However, the magistrate noted that, if the children are not permitted to make their own decisions on this issue, they would prefer to keep the current schedule.

Both father and the special advocate argued that the children's wishes should be determinative of their best interests. The magistrate disagreed.

Applying the endangerment standard in §§ 14–10–129(2)(d) and 14–10–131(2)(c), C.R.S.2001, the magistrate found that father

had failed to show that retention of the existing order would endanger the children's physical health or significantly impair their emotional development. The motion to modify was therefore denied.

In his motion to review the magistrate's order, father argued that the magistrate should have applied the best interests standard because the permanent orders did not designate a residential parent. Relying on *In re Marriage of McNamara,* 962 P.2d 330 (Colo.App.1998), father asserted that, when a residential parent is not designated in the original decree, a subsequent modification is, in effect, an original custody award to which the best interests standard applies. The district court ruled that *McNamara* was not controlling because it was based on a previous statutory scheme that has since been repealed. Accordingly, the district court adopted the magistrate's order and denied father's motion.

## I.

Father contends the statutory changes have not eroded the holding in *McNamara* and that the district court erred in refusing to apply it. We agree.

## A.

Because the primary issue is a question of law, we reject mother's contention that father's failure to include the transcript of the hearing mandates a presumption that the magistrate's order is supported by the evidence and requires affirmance. *Cf. People v. Ullery,* 984 P.2d 586 (Colo.1999).

## B.

Before the statutory change in §§ 14–10–129 and 14–10–131, C.R.S.2001, the endangerment standard generally applied to modifications of sole custody. The best interests standard was used to modify joint custody and also to modify sole custody when the modification resulted in joint custody. *In re Marriage of McNamara, supra.*

The two standards have remained essentially unchanged. Then, as now, the best interests of a child were determined by refer-

ence to the factors in § 14–10–124(1.5), C.R.S.2001, and the endangerment standard concerned modifications that would endanger the child's physical health or significantly impair the child's emotional development. *See In re Marriage of Francis,* 919 P.2d 776 (Colo.1996); *In re Marriage of McNamara, supra; see also* §§ 14–10–129(2)(d), 14–10–131(2)(c).

While the standards themselves remained unchanged, the circumstances in which they were used were changed by the General Assembly. The term "custody" was replaced by the term "parental responsibilities," and more specific instances were set forth in which each standard was to apply. *See* §§ 14–10–129(1)(b)(I), (2)(d), 14–10–131(2)(c), C.R.S.2001 (applying the endangerment standard for restrictions on parenting time, for modifications affecting both parenting time and the party with whom the child resides a majority of the time, and for modifications of custody or decision-making responsibilities); § 14–10–129(1)(a), (2)(c), C.R.S.2001 (applying the best interests standard to modification of parenting time, including cases involving geographic relocations of the parent).

We examine the applicability of *McNamara* against this background. The facts in *McNamara* are similar to those here in that the prior decree did not designate a residential parent and the parents were awarded joint custody. *McNamara* holds that, in such situations, there was, in effect, a deferral of the custody decision, which put the parties in the same situation they would have been in at the time of the original decree. Because the best interests standard would have been applicable at the time the original decree was entered, the division in *McNamara* held that that standard also applied when the custody decision was deferred.

We see no reason to apply a different rule under the amended statutes, because the amendments did not change the applicable standards, but only specified the situations in which they apply. *See* § 14–10–103(4) (by changing "custody" to "parental responsibilities," the General Assembly did not intend to change the meaning of "custody"). We are not persuaded that the inclusion of the endangerment standard in §§ 14–10–129 and 14–10–131 mandates a new rule. The rationale in *McNamara,* with which we agree, remains unchanged. Therefore, we hold that, in instances where the parties share equal parenting responsibilities, any subsequent modification of that arrangement is governed by the best interests standard.

Accordingly, on remand, father's motion shall be reconsidered under the best interests standard.

## II.

Mother argues that, even if the best interests standard applies, the magistrate's order contains sufficient findings to support the conclusion that modification was not in the children's best interests. While certain references to the best interests of the children were made, the magistrate's order clearly applied the endangerment standard. Therefore, the issue must be reconsidered using the best interests standard.

## III.

In light of the necessity for reconsideration, we decline to address father's argument that the magistrate did not consider evidence of the children's maturity and the extent to which their wishes should be considered under § 14–10–124(1.5)(a)(II), C.R.S.2001. He may raise this argument in the proceedings on remand.

The district court order is vacated, and the case is remanded for reconsideration of father's motion under the best interests standard.

Judge ROTHENBERG and Judge KAPELKE concur.