In the Interest of F.A.G., a Child,

Fidel B. Granado, Jr., Appellant,

and

Stephanie C. Granado, Appellee.

No. 05CA1843.

Colorado Court of Appeals,
Div. V.

Sept. 7, 2006.

Greg Quimby, Erica Vasconcellos, Colorado Springs, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Judge BERNARD.

In this parental responsibilities proceeding, Fidel B. Granado, Jr. (father) appeals from the denial of his motion to modify parental responsibilities and parenting time. We vacate the order and remand for further proceedings.

## I. Facts

The marriage of father and Stephanie C. Granado (mother) was dissolved in Texas in 2003, and mother was given "the exclusive right to designate the primary residence of the child without regard to geographic location." Mother promptly moved to Colorado with the child, and father followed.

In March 2005, father registered the Texas decree in Colorado and filed an emergency ex parte motion to prohibit mother from removing the child from Colorado. The court ordered that the matter be set for a hearing.

Father then moved for modification of parental responsibilities, alleging mother intended to move to California. He argued it would not be in the child's best interests to be uprooted again and removed from Colorado and from him. Father requested that he be awarded primary residential custody of the child, or "at minimum," if mother elected to remain in Colorado, that parenting time should be shared equally to conform to the parties' actual parenting time usage. In her response, mother questioned the court's jurisdiction, arguing that, under §§ 14–10–129(1.5) and 14–10–131(1), C.R.S.2005, the court could not modify parenting time until two years had elapsed after the entry of the initial divorce decree in Texas. Father responded that the two-year rule did not apply.

At a status conference held in June 2005, the court considered the issue and determined that father's motion to modify parenting time was time barred under § 14–10–129, C.R.S.2005. The court also determined that any request by father to modify parental responsibilities was similarly time barred under § 14–10–131, C.R.S.2005.

## II. Discussion

Section 14–11–101(1) and (4), C.R.S. 2005, provide a Colorado court with jurisdiction to modify a child custody decree from another state that has been properly registered here as long as the other state has "reciprocal provisions for a like enforcement of orders ... entered in the state of Colorado." In this case, Texas has enacted such provisions. Texas, like Colorado, has adopted the Uniform Child Custody Jurisdiction and Enforcement Act, and the Texas statutes contain the same or similar provisions relating to acquiring jurisdiction over out-of-state orders. *Compare* § 14–13–102(3), C.R.S.2005, *with* Tex. Family Code § 152.102(3) (definition of "child custody determination"); § 14–13–313, C.R.S.2005, *with* Tex. Family Code § 152.313 (full faith and credit provided to orders from other states); § 14–13–305, C.R.S.2005, *with* Tex. Family Code § 152.305 (registration of out-of-state child custody determinations); § 14–13–306, C.R.S.2005, *with* Tex. Family Code § 152.306 (limitations on modification of child custody determinations from other states); § 14–13–203, C.R.S.2005, *with* Tex. Family Code § 152.203 (court may only modify custody

order of another state if it has jurisdiction to make an initial determination); *and* § 14–13–201, C.R.S.2005, *with* Tex. Family Code § 152.201 (jurisdiction to make initial custody determination).

Once an out-of-state order is properly docketed, a Colorado court acquires jurisdiction "as if the original suit or action had been commenced in this state" and is "empowered to amend, modify, set aside, and make new orders." Section 14–11–101(1). Thus, because Texas has enacted reciprocal provisions for the enforcement of Colorado orders and the Texas decree was docketed in this state, § 14–11–101(1) requires us to treat the 2003 Texas divorce decree as if the case had been commenced in Colorado. Therefore, our review turns to determining what Colorado statutes govern father's requests for modification of parenting time.

■ Father contends the trial court erred in concluding that his motion to modify parenting time was time barred. He argues that § 14–10–131 does not apply to motions for modification of parenting time. He also submits that § 14–10–129(1.5) does not apply to his motion because its two-year prohibition on motions for modification of parenting time applies only: (1) when a party's request would change the person who has a majority of parenting time; and (2) if a second motion to change parenting time is filed within two years after a previous one.

Father concedes he requested a substantial change in parenting time, but denies this request would have changed who had a majority of the parenting time. He adds that no motion to change parenting time had been filed within the past two years.

We agree that § 14–10–131(1) does not apply to a motion for modification of parenting time. We agree also, absent a previous motion of the type described in § 14–10–129(1.5), that father's motion was not subject to the two-year rule set forth in that subsection. Thus, his motion should have been considered by the trial court.

Section 14–10–129(1.5) provides:

If a motion for a substantial modification of parenting time which also changes the party with whom the child resides a majority of the time has been filed, whether or not it has been granted, no subsequent motion may be filed within two years after disposition of the prior motion unless the court decides, on the basis of affidavits, that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development or that the party with whom the child resides a majority of the time is intending to relocate with the child to a residence that substantially changes the geographical ties between the child and the other party.

Similarly, § 14–10–131(1) provides:

If a motion for modification of a custody decree or a decree allocating decision-making responsibility has been filed, whether or not it was granted, no subsequent motion may be filed within two years after disposition of the prior motion unless the court decides, on the basis of affidavits, that there is reason to believe that a continuation of the prior decree of custody or order allocating decision-making responsibility may endanger the child's physical health or significantly impair the child's emotional development.

Words and phrases in statutes are to be construed according to their familiar and generally accepted meaning. When the language of the statute is clear, there is no need to resort to other rules of statutory construction. *W. Fire Truck, Inc. v. Emergency One, Inc.,* 134 P.3d 570 (Colo.App.2006).

Section 14–10–129(1.5) neither states nor implies that the first motion to modify parenting time filed after the permanent orders have been entered is subject to the two-year limitation. The initial order establishing parenting time is not a "motion seeking a substantial modification of parenting time," nor is it a ruling on such a motion. Thus, the entry of permanent orders does not trigger the start of a two-year period during which motions for modification of parenting time are limited by § 14–10–129(1.5).

The language of § 14–10–129(1.5) is clear, and we are not persuaded that an absurdity will result from applying it as written. Accordingly, because father's motion to modify parenting time was the first such motion to

be filed after the entry of permanent orders, we conclude that the time bar in § 14–10–129(1.5) did not apply.

Colorado's Uniform Dissolution of Marriage Act, § 14–10–101, et seq., is modeled on the Uniform Marriage and Divorce Act (UMDA). *In re Marriage of Ebel,* 116 P.3d 1254 (Colo.App.2005). However, in this instance, the two diverge. Section 409(a) of the UMDA generally prohibits the filing of any "motion to modify a custody decree" for two years after the decree is entered. But under the Colorado statute, the two-year bar is not based upon when the original decree was entered, but, instead, upon whether a previous motion to modify the original decree has been filed.

Having concluded that father's motion was not time barred because it was the first such motion filed after the entry of permanent orders, we need not address father's additional argument that § 14–10–129 also did not apply because he did not seek to change the parent who had the child the majority of the time.

As for § 14–10–131, we note that parental responsibilities include both parenting time and decision-making responsibilities. *In re Marriage of Roosa,* 89 P.3d 524 (Colo. App.2004). Here, father's motion was titled a "motion to change allocation of parental responsibility," specifically citing § 14–10–129. The court could reasonably conclude that to the extent that father sought to modify decision-making responsibility as well as parenting time, § 14–10–131 would apply. However, father requested only a change in parenting time, and did not request a change in decision-making responsibility. Thus, we agree that § 14–10–129 rather than § 14–10–131 applied to his motion.

The order is vacated. The case is remanded to the trial court to hold a hearing on this matter and to decide father's motion on its merits.

Judge DAILEY and Judge WEBB concur.