Michael Sean EDMOND,
Plaintiff–Appellant,

v.

CITY OF COLORADO SPRINGS, a Colorado municipal corporation; Lorne Kramer, City of Colorado Springs Manager of Public Safety; Dave Felice, Interim Chief of Police of the City of Colorado Springs; Kurt Pillard, Commander of the CSPD Metro VNI Unit; Terry Lauhon, City of Colorado Springs Police Officer; Two Unknown City of Colorado Springs Police Department (CSPD) Evidence Technicians; Nine Unknown CSPD Employees; William Burruel, CSPD Detective; Kenneth Martin, CSPD Detective; Ronald Butler, CSPD Officer; Terry Maketa, Sheriff of El Paso County; Brett Spiers, EPSO Detective; John R. Newsome, District Attorney of the 4th Judicial District; and Debra J. Hamilton, Deputy District Attorney of the 4th Judicial District, Defendants–Appellees.

No. 08CA2719.

Colorado Court of Appeals,
Div. I.

Jan. 7, 2010.

Michael Sean Edmond, Pro Se.

No Appearance for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Michael Sean Edmond, appeals the trial court's judgment dismissing his complaint against defendants, the City of Colorado Springs, seven named employees of the City of Colorado Springs and its Police Department (CSPD), the El Paso County Sheriff, a named El Paso County Sheriff's detective, a named deputy district attorney, and the district attorney, as well as two unnamed CSPD evidence technicians and nine unnamed CSPD employees. He also appeals an order denying his motion to recuse the trial court judge. We reverse the dismissal of Edmond's complaint, affirm the recusal order, and remand for further proceedings.

## I. Background

CSPD officers arrested Edmond in November 1999 and obtained a search warrant for his residence. In September 2000, the district court judge presided over a preliminary hearing in Edmond's criminal case. Edmond was convicted.

In December 2003, Edmond moved for return of property seized during the search and production of documents, which the court granted in October 2004. Edmond was then informed by the district attorney's office that some of the property seized during his arrest had been lost or destroyed.

In August 2005, a separate civil forfeiture trial was held, which was a derivative of Edmond's criminal case. The trial court granted Edmond a judgment disallowing forfeiture for only some of his property.

In February 2006, Edmond sent a notice of intent to sue to the Colorado Springs City Attorney and the El Paso County Attorney with respect to his lost or stolen property. Edmond's claim was denied in April 2006.

In August 2007, Edmond filed a complaint against defendants for negligence, trespass and conversion, illegal search and seizure, civil conspiracy, willful and wanton conduct, strict liability, vicarious liability, outrageous conduct, negligent supervision, failure to instruct or warn, and emotional distress. Edmond's contentions were based on allegedly false statements by various defendants in the application for search warrant, the preliminary hearing, and the forfeiture case.

Edmond then moved for leave to proceed in forma pauperis, which the trial court granted. He also moved that the trial court

deliver the summons and complaint to the sheriff to effectuate service of process.

On October 29, Edmond moved to recuse the trial court judge because he had presided over a separate criminal case in which Edmond was a defendant. The trial court denied Edmond's motion on November 28.

On January 16, 2008, the trial court issued a delay prevention order directing Edmond to complete service of process and file proof of service within thirty days or explain in writing why he was having difficulty serving the defendants. The order also said that the previous order granting Edmond in forma pauperis status did not extend to waiver of service of process fees. Edmond responded to the delay prevention order, explaining that his motion for service of process had not been ruled on, and because his motion to proceed in forma pauperis had been granted, he was entitled to a waiver of service costs.

On January 30, the trial court issued an order deferring Edmond's request for the waiver of costs for service of process and directed him to provide a copy of his inmate account so the court could assess the proper amount of installment payments required by the in forma pauperis statute for prison inmates. *See* § 13–17.5–103(2), C.R.S.2009. The trial court also stated in its order that failure to comply would result in dismissal of the case without further notice. Edmond complied with the request on February 25, and on February 29 the trial court ordered the clerk of court to withdraw funds from Edmond's inmate account in $10 monthly installments until the balance of fees for service of process was paid in full. The trial court also ordered Edmond to provide the court with copies of the complaint for each defendant that he sought to serve, as well as their current addresses for purposes of service of process.

On March 10, the trial court ordered the Department of Corrections to withdraw funds from Edmond's inmate account until the balance of his service fees was paid, and again directed Edmond to prepare copies of the complaint and a list of current addresses for each defendant he sought to serve. In response, Edmond requested assistance in obtaining access to a copier and provided a list of addresses for each defendant.

On April 16, the trial court denied Edmond's request for access to a Department of Corrections copier and granted him an additional thirty days to provide copies of the complaint for service of process.

Although Edmond alleges on appeal that he sent the court copies of his complaint along with another list of current addresses for defendants on May 15, the register of actions does not confirm this. However, on May 20, the trial court acknowledged receipt of copies of the complaint for each defendant and again directed Edmond to provide current addresses for each of the named defendants. On June 5, the trial court received another list of addresses for defendants from Edmond, who also stated he had provided current addresses for defendants on two prior occasions.

On July 30, the trial court dismissed Edmond's complaint, stating that he continued to demand clerical and paralegal services in the form of sorting through the addresses provided to determine their validity, service on unnamed parties, and preparation of copies of the complaint for service of process. The order further stated that the court had issued eight case management orders and that Edmond continued to ignore his responsibilities as a plaintiff. This appeal followed.

## II. Recusal

■ Edmond contends the trial court judge abused his discretion in denying the motion to recuse himself. We disagree.

■ Recusal is a matter within the discretion of the trial court and its ruling will not be disturbed absent a showing of abuse of discretion. *In re Marriage of McSoud,* 131 P.3d 1208, 1223 (Colo.App.2006). C.R.C.P. 97 provides in relevant part:

A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein.

The mere fact that a trial judge presided over an earlier case against a party is not a ground for disqualification. *People in Interest of S.G.,* 91 P.3d 443, 448 (Colo. App.2004) (motion that stated judge was prejudiced because he had presided over previous criminal trial and made rulings in that case did not assert "facts from which one could conclude that this court has some interest or prejudice"). "What a judge learns in his or her judicial capacity usually cannot form the basis for disqualification," and it is presumed that the judge disregards any inadmissible evidence learned from a previous proceeding. *Id.* Judicial rulings alone rarely constitute a basis for bias or prejudice. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). A defendant's motion for recusal based on a subjective belief that a judge is not impartial is insufficient as a matter of law when it is unsupported by factual allegations that would reasonably indicate the judge is interested or prejudiced with respect to the case, parties, or counsel. *People v. Johnson,* 634 P.2d 407, 409 (Colo.1981).

Edmond contends the trial judge should have recused himself from this case because he presided over a previous case in which Edmond was the defendant, where the judge allegedly became a material witness and acquired personal knowledge of disputed evidentiary facts.

However, Edmond has not alleged any facts that reasonably support his belief that the judge was biased or prejudiced as a result of his involvement in a separate proceeding to which Edmond was a party. We conclude that the mere fact that Edmond appeared before the judge in a separate case does not support Edmond's motion for recusal or point to any prejudice on the part of the judge. Thus, we conclude the trial court did not abuse its discretion in denying Edmond's motion to recuse.

### III. Service of Process

Edmond contends the trial court erred in not effectuating service of process by delivering copies of his summons and complaint to the sheriff. We agree.

Whether an indigent litigant may commence an action without paying costs rests within the sound judicial discretion of the trial court. § 13–16–103, C.R.S.2009; *Almarez v. Carpenter,* 173 Colo. 284, 288, 477 P.2d 792, 794 (1970). Chief Justice Directive (CJD) 98–01 provides that if a court allows a party to proceed in forma pauperis, "any costs owed to the state may be waived" but these costs do not include service of process. However, if the court delivers the documents for service of process to the sheriff, the court may waive the sheriff's fees. CJD 98–01.

Nevertheless, indigent inmates are generally required to pay service of process fees. Section 13–17.5–103(2) provides: "Any inmate who is allowed to proceed in the civil action as a poor person shall be required to pay the full amount of the filing fee and service of process fees previously paid by the court [in installments from the inmate's account]."

A division of this court has held that a trial court may assess filing fees against an inmate who is allowed to proceed in forma pauperis because an inmate's indigent status does not relieve the inmate of liability for the filing fees; rather, an inmate must pay filing fees and service costs on an installment basis, if the inmate lacks sufficient funds in his or her inmate account. *Schwartz v. Owens,* 134 P.3d 455, 460 (Colo.App.2005). Further, if an indigent plaintiff's claim is neither frivolous nor filed in bad faith, "the court shall direct delivery of the documents for service of process to the sheriff and determine whether to waive reimbursement of any process fees expended from mandated funds or to direct recoupment pursuant to § 13–16–103." *Leidal v. Brunell,* 985 P.2d 102, 104 (Colo.App.1999). The court may also determine whether to assess repayment on an installment basis. *Id.*

Because the trial court granted Edmond's motion to proceed in forma pauperis and he is an inmate, Edmond is required to pay his service fees in installments pursuant to section 13–17.5–103(2). Thus, we conclude the trial court did not abuse its discretion in requiring Edmond to pay service of process fees on an installment schedule, as required by section 13–17.5–103. Nevertheless, under

*Leidal,* the trial court could also determine to waive reimbursement of any service of process fees expended from mandated funds. However, once the trial court had in its possession copies of Edmond's summons and complaint, it was required to give those documents to the sheriff to effectuate service of process, unless the court concluded Edmond's claims were frivolous or filed in bad faith.

Therefore, because the trial court did not determine that Edmond's claims were frivolous or filed in bad faith, we conclude the trial court erred in not effectuating service of process by delivering Edmond's summons and copies of the complaint to the sheriff.

## IV. Failure to Prosecute

Edmond next contends the trial court erred in dismissing his complaint for failure to prosecute without giving him notice and an opportunity to be heard. Edmond also contends his failure to obtain service did not warrant dismissal of his complaint. We agree that the trial court erred in dismissing Edmond's complaint.

We review a trial court's dismissal of a complaint on the basis of failure to prosecute for abuse of discretion. *Oversole v. Manci,* 216 P.3d 621, 623 (Colo.App.2009). "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." *Id.* (quoting *Nelson v. Blacker,* 701 P.2d 135, 137 (Colo.App.1985)). A court should consider several factors when balancing the policies against unreasonable delay and favoring resolution of disputes on the merits: "the length of the delay, the reason for the delay, any prejudice that may result to the defendant, and the extent to which the plaintiff has renewed efforts to prosecute the case." *Id.*

The trial court dismissed Edmond's complaint for failure to prosecute on the grounds that Edmond ignored his responsibilities as a plaintiff by (1) failing to provide copies of his complaint for service of process, (2) continuing to unreasonably demand clerical and paralegal assistance of the court by requiring it to sort through submitted addresses to determine their validity and providing outdated addresses for several officials, and (3)

demanding service of process on unnamed parties. We conclude the trial court abused its discretion by dismissing Edmond's complaint on each of these grounds.

### A. Copies of Complaint

Edmond alleges the trial court abused its discretion in dismissing his complaint for failure to prosecute on the ground that he provided an inadequate number of copies of the complaint to serve the named defendants. We agree.

The court ordered Edmond to provide copies of the complaint for each named defendant on multiple occasions. However, the record shows that the court acknowledged receipt of a sufficient number of copies of the complaint to serve all named defendants prior to dismissing Edmond's complaint. Therefore, we conclude the trial court abused its discretion in dismissing Edmond's complaint based on the number of copies of the complaint.

### B. Validity of Addresses

Edmond also alleges the trial court abused its discretion in dismissing his complaint for failure to prosecute on the ground that he repeatedly failed to provide addresses for the defendants and the addresses he eventually provided were invalid for some officials. Again, we agree.

The court ordered Edmond to provide current addresses for each named defendant in the complaint on multiple occasions. The record also shows that Edmond provided addresses on at least two occasions for the purpose of service of process for all defendants, except those whose names were unknown, before the court dismissed his complaint for failure to prosecute.

In addition, nothing in the record indicates that Edmond had submitted invalid addresses, and, in any event, the court should not have withheld those documents from the sheriff once Edmond provided addresses and a sufficient number of copies of the complaint to effectuate service of process on the named defendants. Civil process is typically delivered by the judicial department to the sheriff for service of process on the defendants. *See*

§ 13–16–124, C.R.S.2009. Further, the *Leidal* division explained that when an indigent inmate is proceeding in forma pauperis, "the court shall direct delivery of the documents for service of process to the sheriff" as long as the claim was not filed in bad faith or frivolous. 985 P.2d at 104. There is no requirement that a court verify the correctness of addresses before delivering documents to the sheriff for service of process.

Thus, dismissal of Edmond's complaint on the ground that he unreasonably demanded clerical and paralegal assistance of the court by requiring it to sort through submitted addresses was unwarranted.

### C. Unknown Defendants

■ Finally, Edmond contends the trial court abused its discretion in dismissing his complaint for failure to prosecute on the ground that he demanded service of process on unnamed defendants. We agree.

■ A complaint must name a plaintiff and a defendant in order to present a claim that may be litigated. *Barker v. District Court,* 199 Colo. 416, 419, 609 P.2d 628, 630 (1980) (district attorney's failure to include known names of defendants in complaint required dismissal of the action). In *Barker,* the supreme court noted that C.R.C.P. 10(a) requires the title of the action in a complaint to include the names of the parties and also determined that if the names of the parties are unknown, those parties must be designated as unknown parties. *Id.*

Without expressly addressing the issue, Colorado courts have allowed plaintiffs to name unknown defendants in complaints.[1] *See, e.g., Kessman v. City & County of Denver,* 709 P.2d 975, 976 (Colo.App.1985) (involving claims against multiple officials, including three unnamed deputy sheriffs); *Cuny v. Vail Assocs., Inc.,* 902 P.2d 881 (Colo.App.1995) (personal injury case against ski resort included unknown defendants); *cf. Rael v. Taylor,* 876 P.2d 1210, 1223 (Colo. 1994) (recognizing that service on unknown defendants may be accomplished by publication when applying to register a title of land).

Federal and state courts in other jurisdictions expressly allow a plaintiff to use a fictitious name to identify a defendant whose real name is unknown. *See, e.g., Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir.1992) (reversing district court's denial of pro se plaintiff's motion to add an unnamed chief deputy of a particular jail as a defendant where person was described with sufficient clarity and his identity would be known upon receipt of sheriff's report); *Keno v. Doe,* 74 F.R.D. 587, 588 n. 2 (D.N.J.1977) (noting such a complaint must "state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served"), *aff'd,* 578 F.2d 1374 (3d Cir.1978) (unpublished table decision); *Pearson v. Brooks,* 883 So.2d 185, 186–87 (Ala.2003) (Alabama Rules of Civil Procedure allow plaintiffs to designate opposing parties using a fictitious name).[2] Allowing complaints to be brought against unknown defendants preserves a plaintiff's right to name the unknown defendant once the person's identity has been learned. Martin A. Schwartz, *Section 1983 Litigation* § 5.03 (2009).

In *Roper v. Grayson,* 81 F.3d 124, 126 (10th Cir.1996), the Tenth Circuit acknowledged that courts generally allow plaintiffs to sue unnamed defendants as long as the plaintiffs provide a description that is sufficient to identify the person involved so process can eventually be served. In *Roper,* the court held the trial court had abused its discretion in dismissing a pro se plaintiff's action for untimely service because the plaintiff had provided an adequate description of the persons involved in an incident and discovery of

---

1. Colorado courts also allow plaintiffs to proceed under a fictitious name if a substantial privacy right is established. *See Doe v. Heitler,* 26 P.3d 539, 542–43 (Colo.App.2001) (affirming dismissal of unnamed plaintiff's complaint where plaintiff failed to establish his case involved matter of a sensitive and highly personal nature).

2. Some states also have fictitious name statutes that allow plaintiffs unaware of a defendant's true name to file a complaint against that person within the statute of limitations. *See Molina v. Panco Constr., Inc.,* 322 Mont. 268, 95 P.3d 687, 690 (2004) (discussing Montana and California fictitious name statutes).

use-of-force reports would allow the plaintiff to identify the unnamed defendants. *Id.*

We find persuasive the holding and reasoning of *Roper* and these other courts and conclude that a plaintiff may sue "unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process can eventually be served." *Roper*, 81 F.3d at 126.

Here, Edmond named in his complaint "Two Unknown CSPD Evidence Technicians, [who] were police officers who worked at the CSPD Evidence Locker" and "Nine Unknown CSPD Employees . . . who on August 17, 2006, CSPD Internal Affairs investigators recommended discipline [against] for their involvement in the improper disposal of evidence, ranging from documented verbal counseling (reprimands) to termination." We conclude these descriptions and the designation of these defendants as unknown persons in the complaint were sufficient to allow Edmond to sue them as unnamed defendants.

Accordingly, the court could not require Edmond to serve these defendants until he had an opportunity to learn their true identities during discovery; thus, Edmond did not need to provide enough copies of the complaint to allow service of these unnamed individuals. Dismissal for failure to prosecute on these grounds was improper.

The order denying Edmond's motion to recuse is affirmed, the judgment dismissing his complaint is reversed, and the case is remanded for further proceedings.

Judge DAILEY and Judge BOORAS concur.