25CA0224 Marriage of Skellchock 01-15-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0224
Larimer County District Court No. 18DR30326
Honorable Kara E. Clark, Magistrate
Honorable Susan Blanco, Judge

---

In re the Marriage of

Derek Skellchock,

Appellant,

and

Alora-Ann Paige Volz,

Appellee.

---

ORDERS AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

---

Derek Skellchock, Pro Se

No Appearance for Appellee

¶ 1    In this post-dissolution of marriage case, Derek Skellchock (father) appeals the district court's orders adopting the magistrate's order denying his motion to modify parenting time and the magistrate's order denying his motion to recuse.  He also contends that, after January 2020, Eighth Judicial District Court Chief Judge Susan Blanco lacked jurisdiction over the case, meaning that the orders she later issued were void.  We reverse the order denying father's motion to modify parenting time and remand that issue to the district court for further proceedings.  We otherwise affirm.

## I.    Standard of Review

¶ 2    Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review.  *In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 11.  We review de novo whether the magistrate and the court applied the correct legal standard.  *Id.*  We also review de novo their conclusions of law, but we accept the magistrate's factual findings unless they are clearly erroneous.  *Id.*

## II.    The Motion to Modify Parenting Time

¶ 3    Father contends that the district court erred by adopting the magistrate's ruling denying his motion to modify parenting time.

1

He argues that the magistrate misapplied the law when she determined that his motion was barred by the two-year filing restriction imposed by section 14-10-129(1.5), C.R.S. 2025. We agree.

A.    Relevant Facts

¶ 4    In 2020, the district court dissolved father's marriage with Alora-Ann Paige Volz (mother) and ordered an equal allocation of parenting time with their child.

¶ 5    In April 2024, the court modified the allocation of parenting time. It ordered that, during the school year, the child will reside primarily with mother and father can exercise overnight visits every other weekend. As for the summer months, the court allocated the parents equal parenting time.

¶ 6    Four months later, father filed a motion to modify parenting time. He argued that, due to changed circumstances, returning to an equal parenting time schedule was in the child's best interests. He explained that, since the April 2024 order, he had relocated to the child's school district, completed all court-ordered evaluations, and participated in therapy.

¶ 7    The magistrate denied father's motion without a hearing.  The magistrate explained that, in the April 2024 order, the court modified the allocation of parenting time by allocating mother majority parenting time with the child.  The magistrate determined that, as a result, father's motion was subject to the two-year filing restriction imposed by section 14-10-129(1.5).  The court found that father had filed his motion within that two-year time period, and he had not alleged sufficient facts showing that the present environment may endanger the child — an exception to the two-year filing restriction.

¶ 8    Father petitioned the district court to review the ruling, arguing that the magistrate misapplied the law by concluding that section 14-10-129(1.5) barred his request.  The district court rejected father's argument and adopted the magistrate's ruling.  Father filed a C.R.C.P. 59 motion, and the court denied it.

B.    Analysis

¶ 9    Generally, a court may modify a parenting time order whenever the modification serves the child's best interests.  § 14-10-129(1)(a)(I).  However, when one parent files "a motion for a substantial modification of parenting time which also changes the

3

[parent] with whom the child resides a majority of the time," neither parent may file another motion to modify parenting time within two years of the court's disposition of the previous motion unless the court determines that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development. § 14-10-129(1.5); *see In re F.A.G.*, 148 P.3d 375, 377 (Colo. App. 2006).

¶ 10     A court's allocation of equal parenting time means that the child doesn't reside a majority of time with either parent. *See In re Marriage of Stewart*, 43 P.3d 740, 742 (Colo. App. 2002); *see also In re Marriage of DeZalia*, 151 P.3d 647, 649 (Colo. App. 2006) (acknowledging that modifying an equal allocation of parenting time closely resembles an initial allocation of parenting time because both decisions arise from situations in which the parents theoretically share the legal and physical care of the child). Therefore, an order modifying an equal allocation of parenting time by giving one parent majority parenting time doesn't change the parent with whom the child resides a majority of the time. *See* § 14-10-129(1.5); *In re Marriage of Newell*, 192 P.3d 529, 533 (Colo. App. 2008); *see also Stewart*, 43 P.3d at 742 ("[I]n instances where

4

the parties share equal parenting responsibilities, any subsequent modification of that arrangement is governed by the best interests standard."). Likewise, a request to modify an unequal parenting time schedule by returning to an equal allocation of parenting time doesn't seek to change the parent with whom the child resides a majority of the time. *See* § 14-10-129(1.5); *Newell*, 192 P.3d at 533. As a result, under section 14-10-129(1.5), a substantial modification of parenting time that also changes the parent with whom the child primarily resides means that one parent *replaces* the other parent as the child's primary residential parent. *See* § 14-10-129(1.5); *Newell*, 192 P.3d at 533.

¶ 11 The magistrate concluded that father's motion to modify parenting time was barred by section 14-10-129(1.5) because the April 2024 order allocated to mother majority parenting time and father sought to change that allocation four months later. However, the April 2024 order didn't change the parent with whom the child resided a majority of the time. *See* § 14-10-129(1.5); *Newell*, 192 P.3d at 533. Rather, it modified the equal parenting time schedule and established, for the first time, mother as the majority time parent. And although father filed his motion to modify shortly after

the April 2024 order, he asked to restore the equal parenting time schedule; he didn't ask to replace mother as the majority time parent.

¶ 12    Thus, under the plain language of section 14-10-129(1.5), the two-year filing restriction didn't apply to father's motion to modify. *See F.A.G.*, 148 P.3d at 377 (when interpreting a statute, we construe its words and phrases according to their plain and generally accepted meanings).  The magistrate therefore improperly denied father's motion to modify parenting time based on the restriction imposed by section 14-10-129(1.5).  Instead, the magistrate needed to evaluate father's allegations under the best interests standard to determine whether his verified motion established adequate cause to conduct a hearing on his motion to modify.  *See* § 14-10-129(1)(a)(I); § 14-10-132, C.R.S. 2025.

¶ 13    For these reasons, we conclude that the court erred by adopting the magistrate's decision denying father's motion to modify parenting time.  We reverse the ruling and remand the case to the district court to reconsider father's motion.  On remand, the court must consider the parents' and the child's present circumstances and may allow the parents to present evidence of such

circumstances in support of their conflicting positions concerning the child's best interests. *In re Marriage of Schlundt*, 2021 COA 58, ¶ 56.

### III.    The Motion to Recuse the Magistrate

¶ 14    Father next contends that the district court erred by adopting the magistrate's ruling denying his motion to recuse the magistrate. We aren't persuaded.

### A.    Relevant Facts

¶ 15    Father has filed multiple motions to recuse judicial officers who have presided over this case.  In December 2024, he filed a motion to recuse the magistrate who denied his motion to modify parenting time, giving four reasons in support of her recusal.

- First, father asserted that procedural irregularities relating to a pending contempt citation against him "suggest[ed]" that the magistrate was biased against him. He explained that, at an advisement hearing, the magistrate allowed mother to appear virtually despite an order instructing them to appear in person, and that such circumstances "rais[ed] concerns of [the magistrate's] potential ex parte communication" with

7

mother. (Father didn't appear at that advisement hearing.)

- Second, he asserted that, in "2022 or 2023" (and before the magistrate became a magistrate), father sought legal representation from the magistrate and that her former law firm told him that there was an undisclosed conflict of interest. He claimed that this interaction "raise[d] concerns" that a conflict of interest "may persist."

- Third, he asserted that the magistrate had a professional relationship with mother's former attorney, raising another concern about the "appearance of bias." He explained that the magistrate previously worked at Bringing Home Justice and that mother's former attorney also worked at that organization.

- Fourth, he asserted that the magistrate's appointment under the supervision of Judge Blanco, who had recused from the case in January 2020, "heighten[ed] concerns about the adequacy of oversight and procedural integrity in this matter."

¶ 16    The magistrate denied the motion.

- First, the magistrate found that there were no procedural irregularities or ex parte communications supporting her recusal. She explained that even though mother appeared virtually at the contempt advisement, the advisement didn't occur at that time, and the court reset it for a later date.

- Second, the magistrate rejected father's allegations of a conflict of interest. She explained that she didn't work at a law firm in 2022 or 2023, and there was no other record of a conflict of interest revealed by her former law firm.

- Third, the magistrate rejected father's allegation that she had a professional relationship with mother's former attorney. She explained that the magistrate stopped working at Bringing Home Justice before the child in this case was born, the magistrate and mother's former attorney never worked at Bringing Home Justice at the same time, and, in any event, mother's former attorney no longer represents mother.

- Fourth, the magistrate determined that father's remaining claims relating to the authority and oversight of the magistrate didn't establish a basis for her to recuse.

¶ 17    Father petitioned the district court to review the magistrate's order, and the court adopted the order.

## B.    Analysis

¶ 18    A judge's decision on whether to disqualify herself is discretionary and won't be reversed absent a showing that the judge abused her discretion. *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 12. A judge's failure to disqualify herself in the face of a legally sufficient motion is an abuse of discretion warranting reversal. *Id.* The sufficiency of a motion to disqualify is a legal determination that we review de novo. *Id.*

¶ 19    "[D]isqualification is appropriate when the motion and supporting affidavits allege sufficient facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party or counsel to the litigation." *Id.* at ¶ 13; *see also People v. Schupper*, 2014 COA 80M, ¶ 59 (noting that to warrant reversal based on a judge's alleged

bias, the record must clearly establish that the judge's conduct so departed from the required impartiality as to deny the party a fair trial). In the absence of a valid reason for disqualification, the judge has a duty to preside over the case. *Moody v. Corsentino*, 843 P.2d 1355, 1374 (Colo. 1993).

¶ 20 A judge considering a motion to recuse must accept the factual statements in the motion and the affidavit as true. *In re Marriage of McSoud*, 131 P.3d 1208, 1223 (Colo. App. 2006). However, allegations based on "mere suspicion, surmise, speculation, rationalization, conjecture, [or] innuendo," or "statements of mere conclusions of the pleader," are insufficient to require recusal. *Id.* (alteration in original) (quoting *In re Marriage of Goellner*, 770 P.2d 1387, 1390 (Colo. App. 1989)). Therefore, the motion and affidavit must assert more than a subjective belief that the judge is prejudiced or biased against a party. *Edmond v. City of Colorado Springs*, 226 P.3d 1248, 1252 (Colo. App. 2010).

¶ 21 Father argues that the magistrate erred by denying his motion to recuse because the motion and supporting affidavit established bases for the magistrate's disqualification and required the magistrate to refer the matter to another judge. But we conclude

that, even accepting father's allegations as true, his motion didn't present sufficient facts showing that the magistrate was prejudiced or biased against him.  Father's perceived irregularities in the contempt advisement proceedings and his suspicion of ex parte communications amounted to no more than unsupported speculation of the magistrate's potential bias.  *See McSoud*, 131 P.3d at 1223.  Father's additional allegations related to the purported conflict of interest were vague, conclusory, and based on mere suspicions and speculation.  *See id.*  And his assertion concerning the magistrate's work at Bringing Justice Home was based merely on the allegation that the magistrate and mother's former attorney were employed at the same organization.  He didn't allege that (1) the magistrate worked at the organization during the time mother was represented; (2) she and mother's former attorney had any direct connection or relationship with each other; or (3) they worked at the organization during the same timeframe.  *See id.*; *cf. Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 22 (affirming a judge's denial of a motion to recuse based on an allegation that the judge previously worked at a firm that represented the opposing party).  Additionally, father's allegations

concerning the appointment and oversight of the magistrate by Judge Blanco were conclusory and didn't provide a valid basis for the magistrate's recusal. *See McSoud*, 131 P.3d at 1223. Moreover, as discussed below, father's complaints about Judge Blanco's involvement with the appointment and oversight of the magistrate lack merit.

¶ 22 The district court therefore didn't err by adopting the magistrate's ruling denying father's motion to recuse. *See, e.g., Sanders v. People*, 2024 CO 33, ¶ 50 ("[W]hile both an appearance of impropriety and actual bias are grounds for *recusal* from a case, only when the judge was actually biased will we question the *result*." (quoting *People in Interest of A.P.*, 2022 CO 24, ¶ 29)).

IV.  Judge Blanco's Authority

¶ 23 Father contends that, following Judge Blanco's January 2020 order to recuse, she lacked jurisdiction to issue orders later entered in this case. This is the third time father has raised this jurisdictional argument to this court. Each of the two previous divisions rejected father's contention, explaining that father's actions after January 2020 waived his claim that Judge Blanco lacked authority to rule on his motions. *See In re Marriage of*

13

*Skellchock*, (Colo. App. No. 24CA1282, Oct. 23, 2025) (not published pursuant to C.A.R. 35(e)); *In re Marriage of Skellchock*, (Colo. App. No. 23CA1178, July 17, 2025) (not published pursuant to C.A.R. 35(e)). We see no reason to depart from that rationale and therefore won't disturb Judge Blanco's orders.

## V.    Disposition

¶ 24     We reverse the district court's order adopting the magistrate's ruling denying father's motion to modify parenting time. We remand the issue to the district court to reconsider father's motion consistent with this opinion. We otherwise affirm.

JUDGE LUM and JUDGE MEIRINK concur.